## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 09 2019, 9:00 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Talisha Griffin
Marion County Public Defender Agency
Indianapolis, IN

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samantha M. Sumcad
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Avante L. Robinson, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | October 9, 2019 <br><br> Court of Appeals Case No. <br> 19A-CR-825 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Christina R. Klineman, Judge <br><br> Trial Court Cause No. <br> 49G17-1901-CM-3833 |

**Bailey, Judge.**

# Case Summary

[1] Avante L. Robinson ("Robinson") appeals his conviction for Invasion of Privacy, as a Class A misdemeanor.[1]  He presents the sole issue of whether the trial court abused its discretion by admitting into evidence two screenshot pictures.  We affirm.

# Facts and Procedural History

[2] On November 14, 2018, Robinson's former girlfriend, L.E., obtained a no-contact order prohibiting Robinson from contacting her, her children, or her parents.  On December 14, 2018, L.E. was working a shift at a convenience store and had stepped outside for a cigarette break when she saw Robinson approach the store.  L.E. immediately put out her cigarette and began to walk back inside the store.  Robinson called out to her, "Hey, did you know you have a warrant out for your arrest?"  (Tr. Vol. II, pg. 11.)  L.E. went inside, locked the door, and called police.

[3] On January 31, 2019, the State charged Robinson with Invasion of Privacy.  He was tried in a bench trial on March 14, 2019.  L.E. testified that Robinson came to her workplace and spoke to her and, shortly after the in-person encounter, he attempted to contact her by social media.  The trial court found Robinson guilty

---

[1] Ind. Code § 35-46-1-15.1(a)(12).

and sentenced him to 365 days imprisonment, all suspended.  Robinson now appeals.

# Discussion and Decision

[4]     At Robinson's trial, the State proffered State's Exhibits 2 and 3, described as screenshots made by L.E. to document Robinson's attempts to contact her by Facebook and Snapchat.  Robinson's counsel objected that the exhibits lacked a date and did not "show that it's sent from my client; it has an anonymous name on it."  (Tr. Vol. II, pg. 8.)  The State responded that L.E. could "testify as to who that Facebook belongs to" and the trial court admitted the exhibits over Robinson's objections.  *Id.* at 9.  On appeal, he argues that the exhibits were not properly authenticated as having been authored by him.

[5]     Admission or exclusion of evidence is within the sound discretion of the trial court and we will reverse the decision only if the trial court abused its discretion.  *Wilson v. State*, 30 N.E.3d 1264, 1267 (Ind. Ct. App. 2015), *trans. denied*.  An abuse of discretion occurs when the trial court's decision is clearly against the logic, facts, and circumstances presented or the court has misinterpreted the law.  *Pavlovich v. State*, 6 N.E.3d 969, 976 (Ind. Ct. App. 2014), *trans. denied*.

[6]     To lay a foundation for the admission of evidence, the proponent must show that it has been authenticated.  *Hape v. State*, 903 N.E.2d 977, 989 (Ind. Ct. App. 2009), *trans. denied*.  Writings, recordings, photographs, and data

compilations are included within the authentication requirements of Rule 901(a). *Id.* Evidence Rule 901(a) provides:

> To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.

"Once this reasonable probability [that the document is what it is claimed to be] is shown, any inconclusiveness regarding the exhibit's connection with the events at issue goes to the exhibit's weight, not its admissibility. Additionally, authentication of an exhibit can be established by either direct or circumstantial evidence." *Pavlovich*, 6 N.E.3d at 976, (citing *Fry v. State*, 885 N.E2d 742, 748 (Ind. Ct. App. 2008), *trans. denied*).

[7] In *Wilson*, a panel of this Court found the authentication of Twitter messages to be sufficient where a witness testified that (1) she often communicated with the defendant, Wilson, on Twitter and that he had posted pictures of the two online; (2) she recognized the Twitter account as belonging to Wilson, based upon her knowledge of the account by its name and the header of the account; and (3) Wilson often used terms that were part of the content of the challenged messages. 30 N.E.3d at 1268-69.

[8] Here, there was no such testimony elicited to establish a foundation before admission of the challenged exhibits. L.E. simply testified: "One [exhibit] is of him contacting me that same day, and the other one is him trying to contact me on Snapchat that same day." (Tr. Vol. II, pg. 8.) We agree with Robinson that

the State failed to "produce evidence sufficient to support a finding that the item is what the proponent claims it is," that is, a screenshot of a communication emanating from Robinson. Evid. Rule 901(a).

[9] However, errors in the admission of evidence are to be disregarded as harmless error unless they affect the substantial rights of the party. Ind. Trial Rule 61; *Turben v. State*, 726 N.E.2d 1245, 1247 (Ind. 2000). To convict Robinson of Invasion of Privacy, as charged, the State was required to establish beyond a reasonable doubt that Robinson knowingly violated an order issued under Indiana Code Section 35-38-1-30 requiring Robinson to refrain from any direct or indirect contact with L.E. *See* I.C. § 35-46-1-15.1(a)(12); App. Vol. II, pg. 13.

[10] Apart from testifying about social media communications, L.E. testified that Robinson came to her place of employment and spoke to her. The trial court, in finding Robinson guilty, referenced only this conduct:

> Whether the initial contact at Village Pantry was intentional or unintentional, I think he said something to her. I'm going to find you guilty of Invasion of Privacy, as a Class A Misdemeanor.

(Tr. Vol. II, pg. 23.) Because the trial court relied upon Robinson's personal speech to find Robinson guilty, we cannot say that the admission of his alleged social media communications suggesting additional contacts affected his substantial rights.

[11] Affirmed.

Najam, J., and May, J., concur.